KEB

WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Jarvis Jovan Ross,
Plaintiff,
v.
State of Arizona, et al.,
Defendants.

No. CV 26-01304-PHX-JAT (ASB)

**ORDER**

Plaintiff Jarvis Jovan Ross, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), a Motion for Summary Judgment (Doc. 5), and a Motion to Disclose Existence of Newly Discovered Evidence (Doc. 6). The Court will grant the Application to Proceed, deny the Motions as moot, and dismiss the Complaint and this action.

**I. Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's Application to Proceed In Forma Pauperis will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend for reasons stated herein.

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendants State of Arizona and Maricopa County. Plaintiff seeks $500,000 in punitive damages and dismissal with prejudice of all charges against him in Maricopa County Superior Court case #CR2025-00381-002, which is currently pending. [1]

### A. Allegations

Plaintiff alleges that in his June 19, 2025 initial hearing in Maricopa County Superior Court case #CR2025-00381-002, "there occurred a complete deprivation of due process and [b]ond [d]ocket [p]rocedure." Plaintiff claims that Deputy Maricopa County Attorneys (DCAs) Josh Maxwell and Ryan Green "made an unassigned appearance at the hearing," "identif[ied] themselves as employees of [the] Maricopa County Attorney's Office [(MCAO)]," and "misl[e]d" Plaintiff and the court "into believing they were there in a[n] official capacity." Plaintiff alleges that he received no notification that DCAs Maxwell and Green would be appearing in his initial hearing, and that DCAs Maxwell and Green's appearance did not comport with MCAO's "standard operating procedure." He states that he had no representation at his hearing, that the DCAs "ambushed" him with their appearance, and that he had no time to prepare for rebuttal of the DCAs' statements. Plaintiff states that DCAs Maxwell and Green were previously assigned to prosecute Plaintiff in # CR2012-114731-001, in which Plaintiff was found not guilty on all counts.[2]

---

[1] *See* Judicial Branch of Arizona in Maricopa County, Criminal Court Case Information–Case History, https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2025-003810 [https://perma.cc/WD3E-QURC].

[2] *See* Judicial Branch of Arizona in Maricopa County, Criminal Court Case Information–Case History,

He also states that in another Maricopa County Superior Court case, *State v. Johnson*, Plaintiff "was never charged, nor implicated." Plaintiff further alleges that MCAO, through DCAs Maxwell and Green, "retaliated" against him for his acquittal in CR2012-114731 and for "exercising his constitutional right to go trial" in *State v. Johnson* by discussing these two cases "at length" during his initial appearance in CR2025-00381-002, and by failing to consider the cases in which he had not been convicted while setting release conditions.

Plaintiff states that at his initial appearance, he "was part of a large group" of defendants appearing before Commissioner Gentry, who presided over the hearing. He claims that other defendants in that group had previous criminal matters that had been prosecuted by MCAO attorneys, but none of those prosecutors appeared at the initial hearing to make recommendations regarding the defendants' release conditions. Plaintiff also claims that he has never seen a prosecutor who had previously prosecuted a defendant—but was not currently prosecuting the defendant— appear at an initial appearance.

Plaintiff alleges that Commissioner Gentry "allowed" DCAs Maxwell and Green "a significant amount of time to speak." Plaintiff also claims that while the DCAs were "still speaking about [Plaintiff's] acquittal and [the] other case [in which] Plaintiff was never charged," Commissioner Gentry "announce[d,] 'I have been convinced,'" and changed the "pre-set bond amount from $25,000 secured or $50,000 secured" to "$500,000 [cash only,] with special conditions of PSA [s]upervision and [e]lectronic [m]onitoring." Plaintiff states that Commissioner Gentry did not allow Plaintiff an opportunity to address the court or provide a rebuttal. Plaintiff further contends that when he asked whether his bond was being set due to his current charges or due to "past[,] fully adjudicated, and unrelated allegations," Commissioner Gentry repeated, "'I have been convinced.'"

Plaintiff claims that Commissioner Gentry acted "as if she didn't know" but was in fact aware that DCAs Maxwell and Green would be making a "special appearance[]" at his

---

https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2012-114731 [https://perma.cc/RT2Q-NEVN].

initial hearing. Plaintiff also claims that Commissioner Gentry and DCAs Maxwell and Green "discussed or rehearsed" what they "were going to be speaking about at the hearing" and decided the outcome beforehand. He states that his "proceedings" were "just a formality" to allow DCAs Maxwell and Green and Commissioner Gentry "to accomplish the common goal of depriving Plaintiff of his due process right[s]" and "to keep Plaintiff incarcerated during pre-trial proceedings" by demanding an "excessive and oppressive" bond amount.

In addition, Plaintiff contends that Judge Martin "abused his discretion" by denying Plaintiff's motions to modify his release conditions and to disqualify MCAO from further prosecution of him. Plaintiff has filed complaints against DCAs Maxwell and Green with the Arizona Bar Association and complaints against Commissioner Gentry and Judge Martin with an unidentified body.

### B. Claims for Relief

Plaintiff raises three claims for relief. In **Count One**, Plaintiff asserts Fifth and Fourteenth Amendment due process and retaliation claims. As his injury, Plaintiff states he has been deprived of his pre-trial liberty, and his college loans are now in default.

In **Count Two**, Plaintiff raises Fifth and Fourteenth Amendment due process, vindictive prosecution, and prosecutorial misconduct claims. As his injury, Plaintiff states he was unable to prepare for rebuttal of DCA Maxwell and Greens' statements and was not afforded the right to be heard in a "meaningful manner at a meaningful time" during his initial appearance proceedings.

In **Count Three**, Plaintiff raises Fifth, Eighth, and Fourteenth Amendment due process claims. As his injury, he states that the bond docket procedure was used against him in "a punitive manner," and he was "held non-bondable."

## IV. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir.

2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

**A. State of Arizona**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Therefore, the Court will dismiss Defendant State of Arizona.

**B. Maricopa County**

A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978–79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Maricopa County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any

municipal policy or custom. Accordingly, the Court will dismiss Defendant Maricopa County.

**C. Younger Abstention**

Insofar as Plaintiff's claims would require intervention in his state criminal case, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Younger abstention is appropriate where: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Petitioner's criminal proceedings are ongoing and his claims implicate the state's interests in preserving the order and integrity of its criminal proceedings, *see Kelly v. Robinson*, 479 U.S. 36, (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Further, Petitioner has adequate opportunity to litigate his constitutional claims in his state proceedings. *See Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 394 (2d Cir. 1995) ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate

for *Younger* purposes.”).

Plaintiff has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45–46; *Carden*, 626 F.2d at 83–84. Thus, to the extent that he seeks to have this Court intercede in his State criminal prosecution, the *Younger* abstention doctrine prevents this Court from doing so. Accordingly, abstention is appropriate in this case and the Court will dismiss this action without prejudice.

**IT IS ORDERED:**

(1) Plaintiff’s Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Plaintiff’s Motion for Summary Judgment (Doc. 5) and Motion to Disclose Existence of Newly Discovered Evidence (Doc. 6) are **denied as moot**.

(3) The Complaint (Doc. 1) is **dismissed**, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a “strike” under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 2nd day of October, 2026.

James A. Teilborg
Senior United States District Judge